IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

DENISE L. EVANS,                               BK 08-71204-CMS-7

       Debtor.

ROBERT L. SHIELDS, III, TRUSTEE            AP 09-70004

       Plaintiff.

vs.

BANK OF AMERICA, N.A.,
PREMIER CAPITAL, LLC,

       Defendants.

## MEMORANDUM OPINION

This adversary proceeding came before the court on April 16, 2009, for hearing on the Motion to Dismiss filed by Premier Capital, LLC ("Defendant"). Mark P. Williams appeared on behalf of the Defendant. William Dennis Schilling appeared on behalf of Robert L. Shields, III, Trustee ("Trustee"). After consideration of the motion and the arguments of counsel, this court **DENIES** the Defendant's Motion to Dismiss as to Counts One and Three of the Trustee's Complaint, and **GRANTS** the Defendant's Motion to Dismiss as to Count Two of the Trustee's Complaint.

## FINDINGS OF FACT

Denise L. Evans ("Debtor") filed this voluntary Chapter 11 case on June 17, 2008, and on July 17, 2008, this case was converted to a Chapter 7. (Bk Docs. 1 & 73). This case is the third case

1

filed by the Debtor in a one-year period: Case Number 07-71296 was filed on August 2, 2007, pursuant to Chapter 13 of the Bankruptcy Code; Case Number 07-72142 was filed on November 30, 2007, pursuant to Chapter 13 of the Bankruptcy Code; Case Number 08-71204, the instant case, was filed on June 17, 2008, pursuant to Chapter 11 of the Bankruptcy Code. Defendant filed its proof of claim in case 07-71296 on August 27, 2007, alleging it was owed a secured debt in the amount of $238,655.65 as the successor in interest to Bank of America, N.A ("Bank of America"). (Proof of Claim No. 2). Case 07-71296 was dismissed on October 9, 2007, upon motion by the Debtor, prior to confirmation, and without an objection to Defendant's claim being filed. (Bk. Doc. 32). Defendant filed its proof of claim in case 07-72142 on February 5, 2008, alleging it was owed a secured debt in the amount of $236,514.67 as successor in interest to Bank of America. (Proof of Claim No. 5). Debtor objected to Defendant's claim on the basis that the claim included unaccrued interest. (Bk. Doc. 62). On April 2, 2008, this court entered a consent order allowing Defendant's claim in the amount of $231,380.95, which consisted of principal in the amount of $168,342.99 and interest in the amount of $63,037.96. (Bk. Doc. 114). Case 07-72142 was dismissed on June 12, 2008, upon motion of Regions Bank, prior to confirmation. (Bk. Doc. 166). Defendant filed its proof of claim in the instant case on August 19, 2008, alleging it is owed a secured debt in the amount of $232,758.92, as successor in interest to Bank of America. (Proof of Claim No. 9).

The attachments to Defendant's proof of claim establish that Bank of America was awarded a judgment for $186,239.66 plus interest against O. William Evans and Debtor (collectively "the Evans") in a cause of action filed in the United States District Court for the Northern District of Alabama. Allegedly, this judgment was later assigned by Defendant to Defendant pursuant to a Limited Power of Attorney granted by Bank of America. Trustee asserts that Bank of America sued

2

Case 09-70004-CMS    Doc 33    Filed 06/12/09    Entered 06/12/09 14:25:44    Desc Main
Document      Page 2 of 7

the Evans pursuant to a note ("Chilton County Note") which was executed by Premier Properties, Inc, and guaranteed by the Evans. Trustee further asserts that Premier Properties, Inc. also executed a mortgage in favor of Bank of America as to certain property located in Chilton County ("Chilton County Mortgage").

The Trustee filed an objection to Defendant's claim in the main bankruptcy case on February 10, 2009, on the following bases: (1) the judgment relied upon by the Defendant is a legal nullity because it was entered in a case that was subsequently dismissed with prejudice; (2) the calculation of the amount due on the debt is inaccurate; and (3) Defendant is unable to maintain a claim because it is not qualified to do business in Alabama. (Bk Doc. 219).

The same day that the Trustee filed the objection to Defendant's claim in the main bankruptcy case, the Trustee filed this adversary proceeding, described as one to determine the validity, priority or extent of the Defendant's lien. (AP Doc. 1). The Trustee again asserted that the Defendant is unable to maintain a claim because it is not qualified to do business in Alabama. In addition, the Trustee requested this court to make a determination as to the proper party to assert a claim as it relates to the underlying obligation and also requested this court to require the Defendant, if it has a claim, to assert its claim against assets that are not part of the Debtor's bankruptcy estate before asserting its claims against assets that are part of the Debtor's bankruptcy estate.

In response to Trustee's complaint, Defendant filed its Motion to Dismiss on March 10, 2009, alleging that: (1) Count One of the Trustee's complaint is due to be dismissed because Defendant is the proper party to assert the claim filed by Defendant; (2) Count Two of the Trustee's complaint is due to be dismissed because Defendant does not have to qualify to do business in Alabama in order to assert a claim in a bankruptcy case filed in Alabama; (3) the Complaint is due

3

Case 09-70004-CMS    Doc 33    Filed 06/12/09    Entered 06/12/09 14:25:44    Desc Main
Document      Page 3 of 7

to be dismissed because the Complaint constitutes a collateral attack on the judgment obtained by Bank of America; and (4) Count Three of the Trustee's Complaint is due to be dismissed because a determination that Defendant is required to marshal its assets against certain vehicles is premature. (AP Doc. 7).

## CONCLUSIONS OF LAW

The court will first address whether the Defendant has shown that it is the proper party to assert a claim based on the judgment obtained by Bank of America. For the reasons that follow, the court finds that the Defendant has not made such a showing. Defendant claims that it is the proper party to assert the claim because the judgment obtained by Bank of America was properly assigned to Defendant.[1] Upon examination of the assignment, it becomes apparent that the Defendant was not only the assignee, but also the assignor, of Bank of America's judgment. Defendant asserts that this is proper because the Defendant was also the grantee of a Limited Power of Attorney executed by Bank of America, and that such Limited Power of Attorney granted the Defendant the power to assign the judgment to itself.[2] The Limited Power of Attorney provides, in pertinent part, that Defendant is granted an irrevocable, limited power of attorney to:

> endorse [Bank of America's] name and collect any checks or other forms of payment received from Obligors, under the related Evidence of Indebtedness sold by [Bank of America] to Buyer under the Loan Sale Agreement; and to endorse and sign any documents necessary to assign, transfer, extend, release or otherwise carry out the intent of the Loan Sale Agreement with respect to the Loan Notes, mortgages, deeds of trust, security instruments, judgments, assignments of insurance policies or other instruments related to an Evidence of Indebtedness . . . .

---

[1] The assignment is attached to the proof of claim filed by the Defendant in the Debtor's underlying bankruptcy case.

[2] The Limited Power of Attorney is attached to the proof of claim filed by the Defendant in the Debtor's underlying bankruptcy case.

4

Therefore, pursuant to the Limited Power of Attorney, Defendant was given the power to assign itself the judgment obtained by Bank of America only if such judgment was related to the indebtedness sold to the Defendant pursuant to the Loan Sale Agreement.[3] Defendant has not shown that the Loan Sale Agreement sold it the judgment obtained by Bank of America, or that the Loan Sale Agreement sold Defendant the Chilton County Note pursuant to which Bank of America obtained the judgment. Until Defendant provides such proof, the court cannot find that Defendant is the proper party to assert the claim filed by Defendant in this case. Therefore, this court denies Defendant's Motion to Dismiss as to Count One of the Trustee's Complaint.

The court will next address whether the Defendant has to qualify to do business in Alabama in order to assert a claim in a bankruptcy case filed in Alabama. Paragraph 16 of the Trustee's complaint alleges that: "Since the Chilton County mortgage and the related debt have been transferred to the defendant, Premier Capital, who is unable to collect on same because of their failure to qualify to do business in this state, Shields is entitled to a judgment declaring that the Chilton County mortgage and the related debt to be null and void and that same cannot be enforced..." The Trustee appears to assert that the Defendant cannot collect on the Bank of America judgment in bankruptcy court because Defendant is not qualified to do business in Alabama. This court disagrees: the mere fact that a claimant is a foreign corporation not qualified to do business within the state in which a bankruptcy court sits does not disqualify the claimant from filing an allowable claim in such bankruptcy court. See, In re Spanish Trails Lanes, Inc., 16 B.R. 304, 308 (Bankr. Ariz. 1981) (holding that a contractor was entitled to assert its claim in bankruptcy court

---

[3] The assignment further describes the Loan Sale Agreement to be the "Loan Sale Agreement for Offering #070424, dated as of April 24, 2007."

5

despite the fact that the contractor was unlicensed and, therefore, not qualified to do business in the debtor's state). The Trustee also appears to assert that, in Alabama, indebtedness assigned to a foreign corporation not qualified to do business in the state becomes void and unenforceable upon such assignment. The Trustee has cited no authority for this proposition and Defendant's brief cites ample authority that this is not the law in Alabama. Therefore, the court will grant the Defendant's Motion to Dismiss Count Two of the Trustee's Complaint as such count has no basis in law.

Finally, the court will address whether the Defendant is required to marshal its assets against certain vehicles before Defendant is allowed to collect any money from the Debtor's bankruptcy estate. In the Complaint, the Trustee asserts that the Debtor claimed various interests in certain vehicles in previous bankruptcy petitions and disavowed such various interests in the present bankruptcy petition. The Trustee further asserts that the Defendant is required to marshal those certain vehicles before Defendant will be allowed to collect from the Debtor's bankruptcy estate. Defendant asserts that it has informed counsel for the Trustee that Defendant will assert its claims against non-estate assets subject to confirmation that the Debtor does not assert any claim to such non-estate assets. Defendant further asserts that requiring it to marshal its assets at the present time is premature because the Trustee is still in the preliminary stages of liquidating the Debtor's bankruptcy estate. In addition, Defendant is a party to the <u>Premier Properties, Inc. v. Regions Bank</u> adversary proceeding, AP No. 08-70003, in which Defendant seeks to establish that a foreclosure sale conducted by Regions Bank was improper. If Defendant is successful, Defendant could potentially look to the property upon which Regions Bank foreclosed to satisfy its claim in full. As such, Defendant asserts that requiring it to collect against non-estate assets at this point is premature. The court agrees that any such requirement is premature at this point. However, the court does not

6

agree that Count Three of the Trustee's Complaint is due to be dismissed. As stated above, this court is not willing to enter an order at this stage requiring Defendant to marshal any assets that are non-estate assets. This court is equally unwilling to enter an order at this stage dismissing Count Three of the Trustee's Complaint because, in essence, this would be a determination that Defendant could never be required to marshal any assets. As the Defendant states in its Motion to Dismiss, such a determination is premature at this point. Therefore, this court denies the Defendant's Motion to Dismiss Count Three of the Trustee's Complaint.

## CONCLUSION

The court **DENIES** the Defendant's Motion to Dismiss as to Counts One and Three of the Trustee's Complaint, and **GRANTS** the Defendant's Motion to Dismiss as to Count Two of the Trustee's Complaint.

An Order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this June 12, 2009.

>/s/ C. Michael Stilson
>C. Michael Stilson
>United States Bankruptcy Judge